**WO**

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Timothy Tim Cervantez,<br>Petitioner,<br>vs.<br>Ryan Thornell, *et al.*,<br>Respondents. | No. CIV 24-438-TUC-CKJ (MSA)<br><br>**ORDER** |

On July 24, 2026, Magistrate Judge Maria S. Aguilera issued a Report and Recommendation ("R & R") (Doc. 53) in which she recommended that the Motion for Leave to File an Amended Habeas Petition or, in the Alternative, Motion to Stay Proceedings (Doc. 45), filed by Timothy Tim Cervantez ("Cervantez") be denied. Cervantez has filed an Objection (Doc. 55) and Respondents have filed a Response (Doc. 59). Additionally, Cervantez filed a Reply to Response of Objection to Report and Recommendation Pursuant to Rule 5, Rules Governing § 2254 Cases in the United States District Courts ("2254 Rules"). Respondents have filed a Motion to Strike Reply to State's Response to Petitioner's Objections (Doc. 64) and Cervantez has filed a Response (Doc. 67). Lastly, Cervantez has filed an Application for Certificate of Appealability (Doc. 65).

*Motion to Strike Reply to State's Response to Petitioner's Objections* (Doc. 64)

Respondents request the Court strike Cervantez's reply as inappropriately filed. Respondents point out neither the Federal Rules of Civil Procedure, nor the Court's local

rules, provide for the filing of a reply to a party's response to an objection. See Fed. R. Civ. P. 7; Local Rule Civ. 7.2. Cervantez asserts, however, he has a right to file a reply pursuant to 2254 Rule 5(e).

The habeas rule provides:

> **Rule 5. The Answer and the Reply**
>
> * * * * *
>
> **(e) Reply.** The petitioner may submit a reply to the respondent's answer or other pleading within a time fixed by the judge.

2254 Rule 5(e).[1] By the plain language of the rule, this provision applies to a *pleading*. An objection to an R & R is not a pleading. *See* Fed.R.Civ.P. 7(a) (listing the only pleadings allowed).

Additionally, other provisions discussing the use of reports and recommendations of magistrate judges and their review by district courts do not state a party objecting to a report and recommendation is entitled to file a reply. Fed.R.Civ.P. 72(b); 28 U.S.C. § 636(b)(1)(C).

Lastly, the Report and Recommendation stated:

> The parties have 14 days to file specific written objections with the district court. Fed.R.Civ.P. 72(b)(2). The parties have 14 days to file responses to objections. *Id.* *The parties may not file replies on objections absent the district court's permission*.

R & R (Doc. 53, p. 3), *emphasis added*. Cervantez did not seek, and this Court did not grant, leave for the filing of a reply.

The Court will grant the Motion to Strike.

*Report and Recommendation*

This Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate.' 28 U.S.C. § 636(b)(1). Further, under 28 U.S.C.

---

[1]To any extent Cervantez may be objecting to the magistrate judge disallowing the filing of a reply to the habeas petition itself, the Court has reviewed the docket and concludes the magistrate judge has not ordered a reply to the habeas petition and its response is not allowed. Rather, Cervantez has filed a reply to the habeas petition (Doc. 66).

§ 636(b)(1), if a party makes a timely objection to a magistrate judge's recommendation, then this Court is required to "make a de novo determination of those portions of the [report and recommendation] to which objection is made." The statute does not "require [] some lesser review by [this Court] when no objections are filed." *Thomas v. Arn*, 474 U.S. 140, 149-50 (1985). Rather, this Court is not required to conduct "any review at all . . . of any issue that is not the subject of an objection." *Id*. at 149.

Moreover, under Fed.R.Civ.P. 72(b), a district court may adopt those parts of a magistrate judge's report to which no *specific objection* is made, provided they are not clearly erroneous. *Thomas*, 474 U.S. at 151-153; *United States v. Reyna-Tapia*, 328 F.3d 1114, 1119 (9th Cir. 2003).

*Objection to Report and Recommendation*

The magistrate judge stated:

> In his motion for leave to amend, Petitioner proffers a claim of newly discovered evidence" based on the trial testimony of one of the victims. (Doc. 45-1 at 34–35.) When the victim was asked whether he could confirm that the firearm found at the scene was the one brandished by Petitioner, he responded: "I would say no, unless I checked the serial number for one." (*Id*. at 34.) Petitioner alleges that this was a "clear[] confess[ion]" that the victim owned the firearm. (*Id*.) Petitioner does not tie the victim's testimony to any federal constitutional guarantee or law. He does assert that trial counsel was ineffective for not calling his girlfriend as a trial witness, but this is already a distinct claim in his original petition. (Doc. 45-1 at 34–35; see Doc. 1 at 29–30.)

R & R (Doc. 53, pp. 1-2).

Cervantez objects, asserting he has provided constitutional authority for these issues and disputes the recommendation the new claim is not distinct from his other claims. Further, addressing the magistrate judge's discussion of factors applicable in determining whether an amended petition should be allowed, Cervantez disputes the magistrate judge's conclusions as to futility and undue delay. Additionally, Cervantez sets forth a new claim for which he asserts he "would like to present to the state court to exhaust and preserve for this court to consider[.]" Objection (Doc. 55, p. 3).

*Clearly Established Federal Law and Non-Distinct New Ineffective Assistance Claim*

An 18 U.S.C. § 2254 petition may not be granted unless prior adjudication of the claim:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). In alleging his proposed amendment to his habeas petition, Cervantez alleges newly discovered evidence exists:

> During my second trial proceeding, day two, while Paul Inman[s] was being cross examined by Ivan Abrams, Mr. Abrams was inquireing (sic) on Paul[']s knowledge of the weapon asked Paul:
>
> Q. But can't tell us it is the very same, from what you know?
>
> A. "I would say no, unless I check the serial number for one".
>
> Here Paul clearly confessed that weapon that was allegedly found by officers in a field outside of his yard, belong to him.
>
> There[']s only one way Paul would know the serial number to the weapon and that[']s if the weapon was in his possession long enough to memorize the serial number or document it.
>
> Furthermore, Brenda Tuey who was my girlfriend at that time and was with me on the morning of this alleged incident, told both officers Deputy Jason Monjaras and officer Jamie Clark that she had never seen any weapon nor did I ever have a weapon.

Motion to Amend (Doc. 45-1, p. 34). Cervantez then discusses an ineffective assistance of counsel claim:

> Mr. Abrams by refuseing (sic) to call Brenda as a witness to testify to what she told these officers constitutes a valid claim for Ineffective Assistance of Counsel, in accordance with Strickland v. Washington, a 5th, 6th and 14th Constitutional violation has been established, denieing (sic) me my right to compel witnesses to testify on my behalf, fair trial, complete and adequate defense, and a just trial proceeding.

Motion to Amend (Doc. 45-1, pp. 33-34).

It is only after raising the ineffective assistance of counsel claim that Cervantez refers to any federal authority. The Court agrees with the magistrate judge that Cervantez did not tie the victim testimony to a federal constitutional guarantee or law.

Further, because the alleged newly-discovered evidence occurred during the trial, it is not newly-discovered. The Court agrees with the magistrate judge that Cervantez's interpretation, along with repeating a claim in his original petition, does not present a new cognizable federal claim. *See* Petition (Doc. 1, Claim 4, pp. 9, 29-30) (discussing counsel's failure to call specific witnesses, including Ms. Tuey). In making this determination, the magistrate judge applied Fed.R.Civ.P. 15. *See* 28 U.S.C. § 2242 (habeas petition "may be amended or supplemented as provided in the rules of procedure applicable to civil actions").

As discussed herein, this Court agrees with the magistrate judge Cervantez has not set forth a new cognizable claim as to Mr. Inmans' testimony. In other words, this Court agrees with the magistrate judge the amendment would be futile. Similarly, the Court agrees with the magistrate judge that Cervantez's claim regarding ineffective assistance of counsel regarding counsel's failure to call Ms. Tuey has already been presented in the original habeas petition. Allowing an amendment to include this claim would be duplicative and, therefore, is futile. The Court also agrees with the magistrate judge Cervantez unduly delayed in seeking to include these amendments. These amendments are based on trial testimony that was available to Cervantez since 2018.

The Court will overrule these objections.

*New Claim - Double Jeopardy/Ineffective Assistance of Counsel*

Cervantez would like to assert a double jeopardy/ineffective assistance of counsel claim. Cervantez did not include this proposed amendment in his Motion to Amend; rather, he raised this claim in his Objections to the R & R. "[A]llowing parties to litigate fully their case before the magistrate and, if unsuccessful, to change their strategy and present a different theory to the district court would frustrate the purpose of the Magistrates Act." *Greenhow v. Sec'y of Health & Hum. Servs.*, 863 F.2d 633, 638 (9th Cir. 1988), *overruled on other grounds*. Cervantez is not entitled to raise a new issue in an objection to a report and recommendation. However, the Court will briefly address the claim.

Cervantez asserts:

> My first trial ended in a mistrial because one of the jurors did not find that the state met his burden of proof. The juror clearly states on the record that he needed more evidence to convict.

Objection (Doc. 55, p. 3). In making this claim, Cervantez describes a typical hung jury; this claim is also futile. *See Richardson v. United States*, 468 U.S. 317, 324 (1984) ("we have constantly adhered to the rule that a retrial following a 'hung jury' does not violate the Double Jeopardy Clause"); *United States v. Hernandez-Guardado*, 228 F.3d 1017, 1029 (9th Cir. 2000), *citations omitted* ("A district court may declare a mistrial and retry a defendant without violating the prohibition against double jeopardy when there is a manifest necessity for the discharge of the original proceeding . . . A hung jury is the classic example of manifest necessity."). Further, as Cervantez's double jeopardy claim is not meritorious, neither is a related ineffective assistance of counsel claim. As this claim is futile, allowing Cervantez to amend his petition to include this claim is not appropriate. The Court will overrule this purported objection.[2]

*Stay of Proceedings to Allow Cervantez to Present Claims in State Court*

Cervantez requests a stay to exhaust his claims in state court. The magistrate judge stated:

> "Stay and abeyance is appropriate . . . when '[1] the petitioner had good cause for his failure to exhaust, [2] his unexhausted claims are potentially meritorious, and [3] there is no indication that the petitioner engaged in intentionally dilatory litigation tactics.'" *Bolin v. Baker*, 994 F.3d 1154, 1156 (9th Cir. 2021) (quoting *Rhines v. Weber*, 544 U.S. 269, 278 (2005)).

R & R (Doc. 53, p. 2). As the Court has determined Cervantez's claims are futile, the Court also concludes Cervantez's claims are not potentially meritorious. Further, the Court agrees with the magistrate judge Cervantez has not shown good cause in failing to exhaust the claim

---

[2]As the magistrate judge did not have the opportunity to address this issue, it is more appropriately considered a new argument.

regarding Mr. Imans. *See e.g., Wooten v. Kirkland*, 540 F.3d 1019, 1024 (9th Cir. 2008) (If granting a stay was appropriate where "a petitioner's lack of knowledge that a claim was not exhausted, virtually every habeas petitioner, at least those represented by counsel, could argue that he thought his counsel had raised an unexhausted claim and secure a stay. Such a scheme would run afoul of [*Rhines v. Weber*, 544 U.S. 269, 77 (2005)], and its instruction that district courts should only stay mixed petitions in "limited circumstances."); *Hasan v. Galaza*, 254 F.3d 1150, 1154 n. 3 (9th Cir. 2001), *citing Owens v. Boyd*, 235 F.3d 356, 359 (7th Cir.2000) (In discussing 18 U.S.C. § 2241(d)(1), court stated "Time begins when the prisoner knows (or through diligence could discover) the important facts, not when the prisoner recognizes their legal significance."). Similarly, Cervantez has not shown good cause in failing to exhaust the double jeopardy claim and its related ineffective assistance of counsel claim.

The Court agrees with the magistrate judge a stay is not appropriate. *See* R & R (Doc. 53, p. 3), *quoting Rhines*, 544 U.S. at 277 ("Moreover, even if a petitioner had good cause for that failure, the district court would abuse its discretion if it were to grant him a stay when his unexhausted claims are plainly meritless.").

*Application for Certificate of Appealability (*COA")* (Doc. 65).

Cervantez requests this Court issue a COA as to the August 2026 R & R's final judgment denying habeas relief in this matter. However, the R & R in this case was issued in July. Further, the R & R did not deny habeas relief in this matter.

The Court recognizes Cervantez may be referring to the magistrate judge's Order denying default judgment. However, 2254 Rule 11(a) requires that in habeas cases the "district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." *See also Harbison v. Bell*, 556 U.S. 180, 183 (2009), *citations omitted* (COA "provision governs final orders that dispose of the merits of a habeas corpus proceeding . . . An order that merely denies a motion . . . is not such an order and is therefore

not subject to the COA requirement."). As a final order has not yet been issued in this case, consideration of a COA is not appropriate at this time. The Court will deny this request as not ripe. *See Jacobus v. Alaska*, 338 F.3d 1095, 1104 (9th Cir. 2003) (requirement of ripeness ensures that issues are definite and concrete, not hypothetical or abstract). Additionally, the Court advises Cervantez that, should habeas relief be denied in a final order in this case, the Court will consider, without a specific request from Cervantez, whether a COA should issue in the order denying habeas relief.

Accordingly, IT IS ORDERED:

1. The Motion to Strike Reply to State's Response to Petitioner's Objections (Doc. 64) is GRANTED. Cervantez's unauthorized Reply to State's Response to Petitioner's Objections (Doc. 63) is STRICKEN.

2. The Report and Recommendation (Doc. 53) is ADOPTED;

3. The Motion for Leave to File an Amended Habeas Petition or, in the Alternative, Motion to Stay Proceedings (Doc. 45) is DENIED;

4. The Application for Certificate of Appealability (Doc. 65) is DENIED.

DATED this 23rd day of September, 2026.

Cindy K. Jorgenson
United States District Judge